1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLAY MORRISON,

11          Plaintiff,            No. CIV S-09-1544 DAD P

12      vs.

13   D. JUST, et al.,

14          Defendants.          ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint.

18                        **SCREENING REQUIREMENT**

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24   U.S.C. § 1915A(b)(1) & (2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

10   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

11   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

12   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

13   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17           The Civil Rights Act under which this action was filed provides as follows:

18           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
19           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
20           law, suit in equity, or other proper proceeding for redress.

21   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26   /////

                                        2

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the

4   actions of their employees under a theory of respondeat superior and, therefore, when a named

5   defendant holds a supervisorial position, the causal link between him and the claimed

6   constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

7   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory

8   allegations of an official personnel's involvement in civil rights violations are not sufficient.

9   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10                    **PLAINTIFF'S SECOND AMENDED COMPLAINT**

11          In his second amended complaint, plaintiff identifies Correctional Officers Gomez

12   and Prentice as the defendants in this action. He alleges as follows. On November 27, 2007,

13   defendants escorted him to the mental health outpatient unit. When they arrived, defendants

14   Prentice and Gomez held plaintiff down and attached a retention chain to his handcuffs. Later,

15   defendant Gomez pulled on the retention chain with such force that plaintiff broke a bone in his

16   right arm. As relief, plaintiff seeks monetary damages. (Compl. at 2-3.)

17                                  **DISCUSSION**

18          The allegations in plaintiff's second amended complaint are still so vague and

19   conclusory that the court is unable to determine whether the current action is frivolous or fails to

20   state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint

21   must give fair notice to the defendants and must allege facts that support the elements of the

22   claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

23   1984). Plaintiff must allege with at least some degree of particularity overt acts which the named

24   defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with

25   the requirements set forth in Fed. R. Civ. P. 8(a)(2), his second amended complaint must be

26   dismissed. The court will, however, grant plaintiff leave to file a third amended complaint.

                                            3

1        Plaintiff is again advised of the following legal standards that appear to govern the

2    claims that he is attempting to present.  The use of excessive force by prison officials on a prison

3    inmate rises to the level of cruel and unusual punishment in violation of the Eighth Amendment

4    when the action amounts to the "malicious or sadistic" use of force.  Hudson v. McMillian, 503

5    U.S. 1, 7 (1992).  In deciding whether force has been applied "maliciously and sadistically," a

6    court will consider: (1) the need for force; (2) the relationship between the need and the amount

7    of force used; (3) the extent of the injury inflicted; and (4) whether force was applied in a good

8    faith effort to maintain or restore discipline.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  In

9    this regard, plaintiff should allege facts that, if proven, would indicate that defendants Gomez

10   and Prentice's actions were unnecessary, that they acted with a sufficiently culpable state of

11   mind, or that they acted for the "very purpose of causing harm."  Id.

12       Plaintiff is also informed that the court cannot refer to prior pleadings in order to

13   make his third amended complaint complete.  Local Rule 220 requires that any third amended

14   complaint be complete in itself without reference to any prior pleading.  In this regard, the court

15   cannot refer to the exhibits that plaintiff has attached to his prior complaints.  This is because, as

16   a general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375

17   F.2d 55, 57 (9th Cir. 1967).  Therefore, if plaintiff wishes for the court to examine his exhibits,

18   he must attach them to his third amended complaint.

**CONCLUSION**

19

20       Accordingly, IT IS HEREBY ORDERED that:

21       1.  Plaintiff's second amended complaint (Doc. No. 17) is dismissed;

22       2.  Plaintiff is granted thirty days from the date of service of this order to file a

23   third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

24   Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must

25   bear the docket number assigned to this case and must be labeled "Third Amended Complaint";

26   /////

4

1  failure to file a third amended complaint in accordance with this order will result in a

2  recommendation that this action be dismissed without prejudice; and

3              3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

4  civil rights action.

5  DATED: May 24, 2010.

6

7

8  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

9

10  DAD:sj
    morr1544.14am(2)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26